UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER MORGAN,

       Plaintiff,                            Case No. 19-cv-10732
                                                      Hon. Matthew F. Leitman

v

MAYSER USA, INC.,

       Defendant.
_____/

## STIPULATED ORDER
## <u>PROTECTING CERTAIN INFORMATION</u>

Upon the stipulation of the parties in the above entitled matter, and the Court being fully advised in the premises;

IT IS HEREBY ORDERED that:

1. Any party producing documents or other information (collectively "Information") in this litigation which that party reasonably believes is: (a) confidential and proprietary and the public or third party disclosure of which would be harmful to that party, officers, directors, managers or employees of Mayser USA, Inc., Mayser GmbH & Co KG, a company affiliated with Mayser USA, Inc., or officers, directors, managers or employees of Mayser GmbH & Co KG; (b) unlawful under privacy laws governing health, patient or employee information; or (c) subject to 45 C.F.R. Section 164.501 (protected health

information), may designate such Information, or any part thereof, as confidential (hereinafter "Confidential Information"). Any discovery material designated Confidential Information shall be marked by the producing party with the legend "CONFIDENTIAL" on each page or object so designated, or otherwise clearly identify the material as such in a producing party's discovery response, correspondence or otherwise.

2. If any Confidential Information is provided inadvertently to a discovering party without being marked as "Confidential" in accordance with the terms of this Order, the failure to so mark the Confidential Information shall not be deemed a waiver of the right to assert confidentiality. A party may designate the Confidential Information as "Confidential" at a later date, at which time the provisions of this Order shall apply prospectively to such information.

3. Each signatory hereto hereby agrees not to disclose Confidential Information to any person other than:

   a. Counsel of record in this litigation and the attorneys, paralegals, and other employees of the firm where such counsel of record practices, or Court Reporters required to transcribe designated testimony, or employees of an independent photocopying, microfilming, or similar services utilized by such counsel of record, to whom such disclosure is reasonably deemed necessary by such counsel for the conduct of this litigation (collectively "Counsel");

   b. Any party to this litigation, or officers, directors, managers or employees of Mayser USA, Inc., or officers, directors, managers or employees Mayser GmbH & Co KG;

c. Expert witnesses and non-attorney consultants retained in connection with this action by Counsel for the parties to the extent such disclosure is reasonably deemed necessary for the conduct of this litigation;

d. A party or non-party witness and counsel for such witness is in the course of his or her testimony in a deposition or trial conducted in this action;

e. The Court and Court personnel in this action, including a stenographic reporter or certified videotape operator engaged in such proceedings as are necessarily incident to the trial of this action and/or preparation of this action for trial; and

f. Any other person to whom the parties agree in writing.

4. Before disclosing Confidential Information to any party or non-party witness, expert or consultant (other than the producing party; officers, directors, managers, employees and experts of Mayser USA, Inc.; or officers, directors, managers, and employees of Mayser GmbH & Co KG), Counsel contemplating disclosure shall require such persons to read a copy of this Protective Order and sign a copy of the Undertaking Regarding Confidentiality attached hereto ("Undertaking") affirming that the recipient (a) has read this Order and understands all of its terms, (b) agrees to abide by and to be bound by the terms of this Order; and (c) agrees to submit to the Court's jurisdiction for purposes of enforcement of this Order. Counsel shall retain each such Undertaking until such time as the litigation, including all appeals, is concluded and counsel has retrieved

all Confidential Information from the recipient in compliance with paragraph 11 below.

5. This Order shall be without prejudice to the right of any party to object to any discovery request on the grounds that the information requested is not relevant or otherwise discoverable.

6. This Order does not authorize the filing of any documents containing "Confidential Information" under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file under seal any paper or other matter in any civil case pursuant to this section shall file and serve a motion or stipulation that sets forth (i) the authority for sealing; (ii) an identification and description of each item proposed for sealing; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and, if a party files a motion only, (v) a supporting brief. See Local Rule 5.3. No party shall file or otherwise tender to the Clerk any item proposed for sealing unless the Court has entered an order allowing filing under seal. Whenever a motion or stipulation to seal is filed, the party seeking to file under seal shall submit a proposed order which states the particular reason the seal is required. The proposed order shall be submitted via the link located under the "Utilities" section of CM/ECF.

7. Should a need arise during the trial or any hearing before the Court for any of the parties to cause "Confidential Information" to be disclosed in open court, it may do so only upon stipulation of the producing party or after the producing party is given reasonable notice of such intended disclosure and is given a reasonable opportunity to seek safeguards from the Court.

8. Should a need arise for any of the parties to cause "Confidential Information" to be filed with the Court, it may do so after the producing party is given reasonable notice of such intended disclosure and is given a reasonable opportunity to seek safeguards from the Court.

9. Confidential Information, whether or not ultimately made part of the public record, shall be used solely for purposes of the above-captioned litigation, including any appeals, and for no other business, litigation, or other purpose whatsoever.

10. This Protective Order shall not prevent any party(ies) from challenging the propriety of another party(ies) designation of discovery material as Confidential. The parties shall first attempt to resolve disputes of this nature in good faith on an informal basis. If the dispute cannot be resolved, the party(ies) challenging the designation of "Confidential" may move this Court seeking appropriate relief from the Court.

11. Nothing in this Order shall:

a. prevent or restrict any person from seeking additional protection from the Court with respect to the disclosure of particular Confidential Information;

b. prevent or restrict any person from seeking relief from this Protective Order from the Court for good cause shown;

c. prohibit a party from producing Confidential Information in the party's(ies') possession pursuant to a subpoena issued by any court, administrative or legislative body, or any other person purporting to have authority to subpoena such Confidential Information or by other compulsory process, provided that any person receiving such a subpoena or other process shall notify the party that originally produced the Confidential Information of such subpoena or process and provide them with a reasonable opportunity to file objections to such disclosure before the Confidential Information is disclosed.

12. Except as may be otherwise agreed by the parties, not later than 60 days after the conclusion of this litigation, including all appeals, all copies of Confidential Information supplied or designated by the producing party shall be destroyed or returned to the party that furnished it, except for Confidential Information that has been incorporated into attorney work product. Provided, however, that counsel only may retain such confidential information for a period of 2 years from the last day of services in this matter, subject at all times to the terms of this Order.

**IT IS SO ORDERED**.

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  August 21, 2019


Approved and stipulated:

| | |
|---|---|
| /s/ Syeda F. Davidson | /s/Thomas Schramm |
| Syeda F. Davidson (P72801) | Thomas Schramm (P60267) |
| Attorneys for Plaintiff | Attorneys for Defendant |
| Burgess Sharp & Golden, PLLC | Nemeth Law |
| 43260 Garfield, Suite 280 | 200 Talon Centre |
| Clinton Township, MI 48038 | Detroit, MI  48207 |
| (586) 226-2627 | (313) 567-5921 |
| syeda@bsglawfirm.com | tschramm@starrbutler.com |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER MORGAN,

      Plaintiff,                               Case No. 19-cv-10732
                                               Hon. Matthew F. Leitman
v

MAYSER USA, INC.,

      Defendant.
_____/

## **<u>UNDERTAKING REGARDING CONFIDENTIALITY</u>**

The undersigned individual hereby certifies that he/she has read the foregoing Protective Order, understands the terms thereof, and agrees to be bound thereby personally if receiving Confidential Information in the course of the above-captioned litigation.

The undersigned acknowledges that breach of the Protective Order shall be actionable by any aggrieved party to the Action that is the subject of the foregoing Protective Order, and that such breach shall subject the undersigned to any and all applicable legal and equitable remedies for enforcement for the Protective Order and/or relief, including damages, for its breach.

Promptly upon termination of this action, I will return all Confidential Information which came into my possession, and all documents or things which I

have prepared relating thereto, to counsel for the party supplying the Confidential Information to me.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

Date: _____   Printed Name: _____

Signature: _____